UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLAJUWAN EARLY,
                 Plaintiff,

v.

ABIGAIL CALLEJAS, *et al.*,
                 Defendants.
_____/

Case No. 24-11140

Gershwin A. Drain
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER GRANTING DEFENDANTS MOTION TO STRIKE (ECF No. 37)
AND REGARDING DEFENDANT WARFIELD'S ADDRESS**

**I.     BACKGROUND**

Plaintiff Olajuwan Early filed this *pro se* prisoner civil rights case which

was docketed on April 30, 2024.  (ECF No. 1).  On June 7, 2024, the Court granted

Plaintiff's application to proceed *in forma pauperis* ("IFP").  (ECF No. 9).  Shortly

after, the Court referred all pretrial matters to the undersigned.  (ECF No. 11).

On August 9, 2024, Defendants Abigail Callejas, Edwin Heap, Melissa

Jennings, Anthony King, Ricardo Moore, Brian Shipman, Adrianne Van

Langevelde,[1] Sonia Warchock, and Sandra Wilson moved to dismiss the complaint

and for summary judgment.  (ECF No. 26).  Notably, Defendant Jerome

---

[1] Plaintiff's complaint spells this defendant's last name as "Vanlangevelde."  (ECF No. 1, PageID.1).  Defense counsel spells it as "Van Langevelde."  (ECF No. 26, PageID.199).  As counsel represents Defendant, the undersigned will use counsel's spelling.

Warfield—who has not been served with the complaint—is not part of the motion. (*See* ECF No. 35 (indicating that the summons was returned unexecuted); ECF No. 26, PageID.205 n.1 ("[Jerome Warfield] is not a part of this motion.")).  After full briefing on the motion, Plaintiff filed a second responsive filing.  (ECF No. 36).  Defendants later moved to strike Plaintiff's sur-reply.  (ECF No. 37).

## II.    ANALYSIS

### A.    Defendants' Motion to Strike Plaintiff's Sur-Reply (ECF No. 36).

According to Local Rule 7.1(c)(3), "A party must obtain leave from the court to file more than one response to a motion for summary judgment. [A] challenge to several arguments raised in a motion for summary judgment generally must be in a single response."  E.D. Mich. LR 7.1(c)(3).  Plaintiff has not sought leave of the court to file his sur-reply; accordingly, the filing is unauthorized and stricken.  *See Simmons v. Cnty of Wayne*, No. 22-11953, 2023 WL 9133210, at *3 (E.D. Mich. Sept. 11, 2023) (striking *pro se* plaintiff's unauthorized sur-reply in a prisoner civil rights case because she did not obtain leave to file); *Albino-Martinez v. Adducci*, 454 F. Supp. 3d 642, 646-47 (E.D. Mich. 2020) (striking an unauthorized sur-reply for failure to comply with the Federal Rules of Civil Procedure and Local Rules of the court).

As a result, Defendants' motion to strike is **GRANTED.**

### B.    Defendant Warfield's Address

On June 10, 2024, the Court ordered the United States Marshals Service ("USMS") to serve process on the defendants named in Plaintiff's complaint. (ECF No. 10).  On June 13, the USMS confirmed receipt of the notice and request to waive service of a summons for each defendant.  (ECF No. 12, PageID.108). The same address was listed for all named defendants: Grandview Plaza P.O. Box 30003, Lansing, MI 48909.  (*See, e.g.*, *id.* at PageID.110).  All defendants except for Defendant Warfield proceeded to waive service of process.  (ECF Nos. 14, 15, 16, 17, 18, 19, 20, 21, 22).

On September 11, 2024, the Court ordered the USMS to mail service of process documents to Defendant Warfield's last known address.  (ECF No. 31, PageID.295).  In turn, the Court directed USMS to serve Defendant Warfield via certified mail, return receipt requested, and delivery restricted to Warfield's last known address, which defense counsel provided.  (*Id.*).  The Court also warned Plaintiff that "the onus remains on him to discover and submit sufficient information for service of the Defendants he has named in his lawsuit." (*Id.*).  The Court also cautioned Plaintiff that "if the USMS cannot effectuate service on the Defendant[,] . . . [Plaintiff] may need to show good cause why this action should not be dismissed, without prejudice, against any Defendant that remains unserved after the expiration of the summons." (*Id.* at PageID.296).

On October 30, 2024, the summons sent to Defendant Warfield was returned unexecuted—the returned envelope says the mail was "not deliverable as addressed." (ECF No. 35).  Federal Rule of Civil Procedure 4(m) requires the Court—"on motion or on its own after notice to the plaintiff"—to dismiss a defendant if not served within 90 days after filing of the complaint.  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Given the deficient address, Plaintiff is **ORDERED** to show cause why Defendant Warfield should not be dismissed for failure to provide a complete address.  Plaintiff's response to this Order must be filed **on or before January 31, 2025**.  Alternatively, Plaintiff can respond by providing a complete address for Defendant Warfield.

**Failure to respond or to provide a complete address will result in a report and recommendation to dismiss Defendant Warfield without prejudice under Federal Rule of Civil Procedure 4(m) and/or failure to prosecute under Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R.

Civ. P. 72(a). Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich.

Local Rule 72.2.

Date: January 3, 2025                     s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

        The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on January 3, 2025.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850