UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OLAJUWAN EARLY,<br>    Plaintiff,<br>v.<br><br>ABIGAIL CALLEJAS, *et al.*,<br>    Defendants.<br>_____/ | Case No.: 24-11140<br><br>Gershwin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT JEROME WARFIELD (ECF Nos. 39, 41)**

**I. BACKGROUND**

Plaintiff Olajuwan Early filed this *pro se* prisoner civil rights complaint on April 17, 2024, and it was docketed on April 30, 2024.[1]  (ECF No. 1).  On June 10, 2024, service was directed on all Defendants.  (ECF No. 10).  Plaintiff provided an address for a P.O. Box: Grandview Plaza, P.O. Box 30003, Lansing, MI 48909. (ECF No. 12).  More specifically, the address he provided is the mailing address the Michigan Department of Corrections ("MDOC") lists on their website for several of its offices, including the parole board.  *See* Department of Corrections, *Contact Us*, https://perma.cc/M9TA-PX2V (last visited Mar. 7, 2025).  As Plaintiff

---

[1] Under the prison mailbox rule, the filing date is assumed to be the day that the *pro se* prisoner plaintiff handed the filing to prison officials; that day, in turn, is assumed to be the date on the complaint absent evidence to the contrary.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

is litigating *in forma pauperis* ("IFP"), (ECF No. 9), the Court ordered the United States Marshals Service ("USMS") to effectuate service of process. (ECF No. 10). On June 14, 2024, the USMS received the service of process documents for all Defendants bearing the same above-mentioned address. (ECF No. 12).

Roughly one month later, the Court received executed waiver of service documents from each Defendant, except for Defendant Jerome Warfield. (ECF Nos. 14. 15, 16, 17, 18, 19, 20, 21, 22). In September 2024, counsel for Defendants—that is, the Michigan Department of Attorney General, (ECF No. 24)—provided Warfield's last known address. (ECF No. 31). The Court directed the USMS "to mail service of process documents to Warfield at that address by certified mail, return receipt requested, and delivery restricted to Warfield." (ECF No. 31, PageID.295). In the same Order, the Court warned Plaintiff that "the onus remains on him to discover and submit sufficient information for service of the Defendants he has named in his lawsuit." (*Id.*). If Warfield could not be served, the Court further cautioned that Plaintiff may need to show good cause why "this action should not be dismissed, without prejudice, against any Defendant that remains unserved after the expiration of the summons." (*Id.* at PageID.296).

On October 30, 2024, the Court received an unexecuted summons from Warfield's last known address. (ECF No. 35). The note from the United States Postal Service ("USPS") reads, "Return to Sender. Not Deliverable as Addressed.

2

Unable to Forward." (*Id.*). The Court thus ordered Plaintiff to either provide a complete address for Warfield or show good cause why Warfield should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 39, PageID.349). Plaintiff filed a timely response on January 27, 2025 which was docketed on February 4, 2025. (ECF No. 42).

Having reviewed Plaintiff's response, the undersigned **RECOMMENDS** that Defendant Warfield be **DISMISSED WITHOUT PREJUDICE**.

## II. ANALYSIS AND RECOMMENDATIONS

Plaintiff argues that there is good cause not to dismiss Warfield without prejudice under Rule 4(m). He contends that he is not at fault for the failure to serve Warfield; rather, because he is litigating IFP, the USMS is at fault for failure to effect timely service. (ECF No. 42). Since he provided Warfield's name and a mailing address, Plaintiff asserts that the duty was on the USMS from there to locate and serve Warfield. Plaintiff offers mostly out-of-Circuit case law in support of his argument. After review, however, the undersigned is not persuaded.

"When a plaintiff is proceeding *in forma pauperis*, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effect service upon defendants once the plaintiff has properly identified them." *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 450 (6th Cir. 2015) (citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.

1996)). Under certain circumstances, the USMS's failure to carry out this duty "*may* constitute good cause under Rule 4." *Id.* (citing *Byrd*, 94 F.3d at 220) (emphasis added). "*Nevertheless, an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfills its duty to effectuate service.*" *Id.* (emphasis added). In other words, IFP plaintiffs still bear some responsibility for ensuring that the USMS has sufficient information to serve process on defendants.

Indeed, the USMS is not tasked with conducting an exhaustive search when attempting to serve process. Instead, as the Sixth Circuit and this Court have held, the USMS need only make a reasonable effort to locate and serve defendants. *See Byrd*, 94 F.3d at 219 (writing that the USMS serves process for IFP plaintiffs "once reasonable steps have been taken to identify for the court the defendants named in the complaint"); *Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10-11 (6th Cir. Jan. 6, 2012) ("A plaintiff using the U.S. Marshal's Service for service of process must provide sufficient information to identify the defendant with reasonable effort.") (internal quotations and citations omitted). *See also Horn v. Washington*, No. 22-11637, 2024 WL 1687702, at *1 (E.D. Mich. Jan. 8, 2025) (citing *Johnson v. Herren*, No. 2:13-cv-583, 2013 WL 6410447, at *3-4 (S.D. Ohio Dec. 9. 2013)) ("Once a *pro se* plaintiff provides sufficient identifying information, the U.S. Marshals must make a reasonable effort to locate

4

and serve a defendant."), *report and recommendation adopted*, 2024 WL 1676804 (E.D. Mich. Apr. 18, 2024); *Moore v. Brown*, No. 2:23-cv-11298, 2025 WL 452599, at *3 (E.D. Mich. Jan. 13, 2025) (same), *report and recommendation adopted*, 2025 WL 451670 (E.D. Mich. Feb. 10, 2025). Such reasonable efforts would include, for instance, performing an internet search or contacting a former employer to obtain the defendant's last known address. *See Horn*, 2024 WL 1687702, at *2.

The USMS took such reasonable efforts in this case. First, Plaintiff provided Defendant Warfield's name and the mailing address for a P.O. Box. Though this address was sufficient for all other Defendants, it was not for Warfield.[2] Even so, Michigan's Department of Attorney General—counsel for the other named Defendants—provided Warfield's last known address. As Warfield was a member of the parole board, he was a state employee. It follows that the Michigan Attorney General's office, itself an arm of the state, would have the same access to Warfield's last known address as MDOC. Yet the summons sent to this address was returned unexecuted. According to USPS, mail that reads "Unable to Forward" means that the "[m]ail was undeliverable at address given; no change-of-

---

[2] Other courts have found a P.O. box mailing address as insufficient for service of process. *See Morgan v. Ortiz*, 2024 WL 3824959, at *1 (E.D. Pa. Aug. 13, 2024) (citing *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*)) ("The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is [plaintiff's] responsibility, and not the duty of the Court, the Clerk's Office, or the Marshal's Service, to ascertain the addresses of the Defendants.").

address order on file; forwarding order expired." *See* USPS.com, *Postal Explorer*, https://perma.cc/AU2M-ZV72 (last visited Mar. 7, 2025). *See also Jones v. Flowers*, 547 U.S. 220, 245 n.4 (2006) (Thomas, J., dissenting) (using the same definition).

The USMS therefore took reasonable efforts to locate and serve Warfield. On the other hand, Plaintiff did not take action even after learning that the last known address provided to the USMS did not work. In other words, Plaintiff did precisely what the Sixth Circuit has said he cannot do—that is, "shirk all responsibility for seeing that the Marshals Service fulfills its duty to effectuate service." *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 450 (6th Cir. 2015).

The case law Plaintiff cites in his response to the Court's show cause order accurately states that the USMS has a duty to locate and serve defendants once plaintiffs have provided identifiable information. Yet the cases do not go as far as Plaintiff suggests, permitting IFP plaintiffs to abdicate their responsibilities once they provide a name and mailing address. To that end, the cases are distinguishable and do not support Plaintiff's position. *See Byrd v. Stone*, 64 F.3d 217, 218 (6th Cir. 1996) (finding good cause where no summons form was issued and the USMS confirmed to the IFP plaintiff that service would be "taken care of" despite the lack of a summons); *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447-48 (finding good cause where IFP plaintiff did not receive a proper summons form

6

after requesting it and where district court failed to order the USMS to serve process on plaintiff's behalf despite his request for assistance); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (finding good cause where IFP plaintiff provided enough information to locate and serve defendants but the USMS did not use the provided information to attempt service of process);[3] *Sidney v. Wilson*, 228 F.R.D. 517, 523-24 (S.D.N.Y. 2005) (finding good cause where the USMS did not attempt to obtain the defendant's last known address after failing to serve process at the address the IFP provided).

In short, the fault in this case is not with the USMS—it is with Plaintiff. All the case law discussed thus far suggests that once the USMS obtains a last known address and service there is unsuccessful, the USMS has discharged its service obligations. Because the USMS obtained Warfield's last known address and attempted service at the address, it fulfilled its obligation despite being unsuccessful in serving process at that address. At that point, the onus is on the IFP plaintiff to take some additional effort to effect service of process. Here, Plaintiff did nothing. Because Plaintiff "shirk[ed] all responsibility for seeing that

---

[3] The other cases from the Seventh Circuit that Plaintiff cites simply apply *Sellers*. *See Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995) (remanding to district court to determine whether the USMS's efforts to serve process were sufficient following *Sellers*); *Jones-Bey v. Wright*, 876 F. Supp. 195, 197-98 (N.D. Ind. 1995) (holding that *Sellers* requires the USMS to attempt to obtain defendant's last known address, "attempt service of the defendant at that address, but shall not be required to make further efforts to locate the defendant," and inform plaintiff whether service was effective). Here, the USMS's efforts conformed exactly to *Seller*'s requirements as interpreted by the *Jones-Bey* Court.

7

the Marshals Service fulfils its duty to effectuate service," *Reed-Bey*, 607 F. App'x at 450, he has not shown good cause under Rule 4(m).

## IV.   RECOMMENDATION

It has been more than ninety days since Plaintiff filed his complaint. Plaintiff received notice from the Court that failure to timely serve Defendant Warfield in the absence of good cause could result in a recommendation that Warfield be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).  Because Plaintiff has not shown good cause, the undersigned **RECOMMENDS** that Defendant Jerome Warfield be **DISMISSED WITHOUT PREJUDICE**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  March 10, 2024                                     s/Curtis Ivy, Jr.
                                                          Curtis Ivy, Jr.
                                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 10, 2025.

                                                          s/Sara Krause
                                                          Case Manager
                                                          (810) 341-7850

9