UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLAJUWAN EARLY,

      Plaintiff,

v.                                                    Case No.: 24-cv-11140
                                                    Hon. Gershwin A. Drain

ABIGAIL CALLEJAS, *et al.*,

      Defendants.
_____/

**<u>ORDER PARTIALLY ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#40] OVERRULING PLAINTIFF'S OBJECTIONS [#41], DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION [#23], GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [#26], DISMISSING AS MOOT REPORT AND RECOMMENDATION [#44] AND DISMISSING ACTION</u>**

**I.    INTRODUCTION**

Presently before the Court is Magistrate Judge Curtis Ivy's January 3, 2025 Report and Recommendation recommending that the Court grant Defendants Abigail Callejas's, Edwin Heap's, Melissa Jennings', Anthony King's, Ricardo Moore's, Brian Shipman's, Adrianne Van Langevelde's, Sonia Warchock's and Sandra Wilson's Motion to Dismiss and/or for Summary Judgment. Magistrate Judge Ivy further recommends that Plaintiff's Motion for a Preliminary Injunction be denied as to Defendants Callejas, Heap, Jennings, King, Moore, Shipman, Van

Langevelde, Warchock and Wilson and denied without prejudice as to Defendant Jerome Warfield, who has not yet been served with the complaint. On January 28, 2025, Plaintiff filed his objection to the Report and Recommendation. In his objection, Plaintiff complains that the Magistrate Judge incorrectly concluded that Defendants' Motion to Dismiss and/or for Summary Judgment should be granted. For the reasons that follow, the Court partially accepts and adopts Magistrate Judge Ivy's Report and Recommendation.

## II. LAW & ANALYSIS

### A. Standard of Review

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Objection

Plaintiff objects to the Magistrate Judge's conclusion that this case should be dismissed against Defendants Callejas, Heap, Jennings, King, Moore, Shipman Van Langevelde, Warchock, and Wilson. Contrary to Plaintiff's argument, Magistrate Judge Ivy correctly concluded that each discrete procedural due process

2

claim has its own limitations period, thus the continuing violation doctrine does not apply to Plaintiff's Fourteenth Amendment claims. *See Broom v. Strickland*, 579 F.3d 553, 555-56 (6th Cir. 2009). Therefore, the only due process claims that fall within the applicable statute of limitations–April 2021 through April 2024–are those related to parole denials on September 14, 2022 and September 15, 2023. Thus, the only Fourteenth Amendment claims that are timely are the claims against Defendants Wilson, Van Langevelde, Heap, and King.

Similarly, Magistrate Judge Ivy correctly found that all of Plaintiff's Fifth Amendment claims are untimely except for those related to parole denials on September 14, 2022 and September 15, 2023. *Id.* Thus, Plaintiff's Fifth Amendment claim against Defendants Wilson, Van Langevelde, Heap, King and Shipman are timely.

However, as Magistrate Judge Ivy correctly determined, Plaintiff's timely Fifth and Fourteenth Amendment claims are subject to dismissal because Plaintiff failed to properly exhaust his administrative remedies against Defendants Wilson, Van Langevelde, Heap, King and Shipman. *See Haner v. Michigan Dep't of Corr.*, No. 1:23-cv-1001, 2024 WL 4112114, at *3 (W.D. Mich. Aug. 12, 2024); *Barber v. Cunningham*, No. 2:23-cv-10095, 2024 WL 1453212, at *3 (E.D. Mich. Apr. 3, 2024).

Finally, the Court finds the Magistrate Judge correctly concluded that Plaintiff's First and Eighth Amendment claims fail Rule 12(b)(6) scrutiny. *See Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 637 (6th Cir. 2007); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2024). Thus, Defendants' Motion to Dismiss and/or for Summary Judgment must be granted. Plaintiff's objection is overruled.

### C. Defendant Jerome Warfield

While the Court agrees with the majority of Magistrate Judge Ivy's conclusions, the Court does not adopt the Magistrate Judge's conclusion that Defendant Warfield has viable Fifth and Fourteenth Amendment claims. ECF No. 40, PageID.405. This conclusion is contrary to the conclusions reached by Magistrate Judge Ivy in his Report and Recommendation concerning Plaintiff's Fifth and Fourteenth Amendment claims.

The Complaint's allegations against Warfield include Warfield's May 28, 2016 parole decision—granting Plaintiff parole with the requirement that he complete a residential sex offender program (RSOP). ECF No. 1, PageID.20. Plaintiff also complains that Warfield denied parole on July 21, 2016, once Plaintiff was reincarcerated after absconding from the KPEP facility where he was enrolled in the RSOP. *Id.*, PageID.24-30. The July 21, 2016 denial was based on Plaintiff's failure to complete the RSOP. *Id.* Because Defendant Warfield's parole

decisions occurred in 2016, Plaintiff's failure to bring his claims within the applicable statute of limitations renders his claims meritless.

Magistrate Judge Ivy correctly concluded the due process claims that accrued prior to April of 2021 were untimely. This includes Plaintiff's Fourteenth Amendment claim against Defendant Warfield, which accrued no later than July 2016, when he was denied parole based on his failure to complete the RSOP. Similarly, Plaintiff's First, Fifth and Eighth Amendment claims accrued no later than July of 2016, as such his First, Fifth and Eighth Amendment claims are likewise time-barred by the applicable three-year statute of limitations.

Even though Defendant Warfield has not been served and he has not brought a motion before the Court, it is appropriate for the Court to raise the statute of limitations issue sua sponte in screening civil rights complaints. *See Scruggs v. Jones*, 86 F. App'x 916, 917 (6th Cir. 2004).  Because Plaintiff's claims against Defendant Warfield accrued no later than July of 2016, his claims-filed in April of 2024, are untimely under the applicable three-year statute of limitations and ripe for summary dismissal under 28 U.S.C. § 1915(e)(2).  Accordingly, Magistrate Judge Ivy's March 10, 2025 Report and Recommendation on Defendant Warfield [#44] is dismissed as moot.

## III. **CONCLUSION**

Accordingly, the Court hereby partially ACCEPTS and ADOPTS Magistrate Judge Ivy's January 3, 2025 Report and Recommendation [#40].

Defendants Abigail Callejas's, Edwin Heap's, Melissa Jennings', Anthony King's, Ricardo Moore's, Brian Shipman's, Adrianne Van Langevelde's, Sonia Warchock's and Sandra Wilson's Motion to Dismiss and/or for Summary Judgment [#26] is GRANTED.

Plaintiff's claims against Defendant Jerome Warfield are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's Motion for a Preliminary Injunction [#23] is DENIED.

Magistrate Judge Ivy's March 10, 2025 Report and Recommendation [#44] is DISMISSED AS MOOT.

This cause of action is DISMISSED.

SO ORDERED.

Dated:  March 11, 2025                         /s/Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager